GOLDING BROS. CO., INC. v. UNITED STATES

**No. 5005.**—Invoice dated Vichte, Belgium, December 20, 1938.
Certified December 22, 1938.
Entered at New York January 6, 1939.
Entry No. 782827.

(Decided September 23, 1940)

*Siegel & Mandell* (*Samuel T. Siegel* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

KINCHELOE, Judge: This appeal to reappraisement involves the determination of the proper dutiable value of certain cotton mattress tickings imported from Belgium and entered at the port of New York. Plaintiff has limited its claim to certain qualities of the merchandise covered by the shipment in question, which disputed items are enumerated in schedule A, hereto attached and made a part hereof.

It is contended by plaintiff that the 41-inch qualities in question are properly dutiable on the basis of export value as such value is defined in section 402 (d) of the Tariff Act of 1930; and that the 56-inch qualities are properly dutiable on the basis of foreign value, as such value is defined in section 402 (c) of said tariff act. The appraiser, in his official action, found no foreign or export value for either of said qualities, and therefore appraised all of said merchandise on the basis of United States value.

It is conceded by plaintiff that if the court finds United States value to be the proper basis for determining dutiable value of the instant merchandise, then the appraised values truly represent such value within the statutory definition thereof, as set forth in section 402 (e) of the Tariff Act of 1930.

The evidence introduced herein is entirely documentary. No oral testimony was offered by either of the parties.

In support of its contention plaintiff introduced in evidence an affidavit, Exhibit 1 herein, executed by a partner of the exporting

firm, who testified that he has had charge of the technical and commercial departments of said firm since 1929; that he has personal knowledge of all the transactions of his firm; and that he is personally familiar with transactions involving the purchase and sale of mattress tickings between his firm and the importer of the instant merchandise. Said witness further testified that the quality number of a fabric is indicative of a certain type of construction which never varies, although the designs used in any particular quality number may be different; and that the usual wholesale quantity of the mattress tickings in question either for sale in the home market or for export to other countries, including the United States, is "one piece of about 50 yards or 50 meters."

The affiant in said Exhibit 1 further states that the invoice prices of the items in question represent the true purchase price of these particular qualities of fabrics in Belgium and that

we were *prepared and willing to sell* in the usual wholesale quantities and in the ordinary course of trade at the time of exportation of the merchandise in question, the identical quality numbers at the prices declared on the Consular invoice under the heading of foreign market value or present value. [Italics mine.]

Concerning the 41-inch width fabrics, which plaintiff contends should be appraised on the basis of export value, said witness testified that—

this *particular width* is made exclusively for export to the United States and is not a width which can be used or sold for use in the markets in Belgium nor to countries other than the United States, and the price at which this merchandise was sold to Golding Bros. Co. Inc., is the price at which our firm *would have been willing to receive from anyone in the United States*, desiring to purchase the same quality in the same width, * * *. [Italics mine.]

It is to be noted that no evidence was offered with respect to said 41-inch width fabrics to show *actual offers* of identical merchandise were made to others for export to the United States. Nor was any proof adduced to show offers of sale or actual sales of similar merchandise to others for export to the United States.

Defendant introduced in evidence a special agent's report which was received and marked Exhibit 2. In said exhibit, the special agent reports that he interviewed one Mr. Bekaert, who is a member of the exporting firm that executed the affidavit, Exhibit 1, herein. The special agent further reports in said Exhibit 2 that the said Bekaert advised him that—

he is at liberty to sell the same qualities to other customers but the designs are reserved exclusively to and owned by Golding Bros.

and admitted that the merchandise shipped to the United States is not adapted to the home market and no sales were made there during the past year.

The said report further discloses that although the designs used by Golding Bros. are exclusive for their use and owned by them there is an understanding whereby Golding Bros. shall be reimbursed for the cost of any design that is used in excess of 250,000 yards of mattress ticking, which rarely happens.

In the case of *Golding Bros. Co., Inc.* v. *United States* (Reap. Dec. 4929), which also involved determination of the proper dutiable value of mattress tickings imported by the importer of the instant merchandise, there were offered in evidence by the plaintiff therein two affidavits containing language substantially the same as that hereinabove quoted from the affidavit, Exhibit 1, herein. Concerning the construction to be placed on such evidence this court, in its decision in the cited case, said:

In my opinion, the broadest interpretation that can be accorded the above-quoted testimony of plaintiff's witness is that sales for export of identical cotton mattress tickings to others than the plaintiff herein would have been made if requests for such merchandise had been received from other prospective purchasers in the United States. In other words, said witness presents evidence of a hypothetical market, or what the exporting firm would have done if confronted by conditions not shown to have existed. Certainly, such evidence can have no probative value in determining proper dutiable value of imported merchandise.

The reasoning applied in the *Golding Bros. Co.* case, *supra*, is equally applicable here on the basis of the present record so far as it relates to the 41-inch fabrics, and I so hold.

With respect to the 56-inch width fabrics, the affiant, in said Exhibit 1, sets forth certain prices for the qualities of such fabrics in question and refers to the price lists to dealers in Belgium attached to the said affidavit, Exhibit 1. Said price lists are entirely in a foreign language, except for the names of the different qualities listed therein, and, in my opinion, are entitled to little, if any, probative value in considering this case. Neither do the price lists and confirmations of orders attached to the special agent's report, Exhibit 2, offer support to the plaintiff's contention, of a foreign value for said merchandise.

The evidence offered by plaintiff relating to the 56-inch width fabrics is not convincing and, considered with the statement attributed to the plaintiff's witness by the special agent in his report, said Exhibit 2, that "the merchandise as shipped to the United States is not adapted to the Belgian market", the record herein, in my opinion, is wholly insufficient to establish a dutiable foreign value for said 56-inch width fabrics. Nor is there any evidence before me to warrant a finding of export value for said fabrics.

On the basis of the record before me I find the following facts:

(1) That the merchandise in question consists of certain cotton mattress tickings of the qualities set forth in schedule A, hereto attached, and made a part hereof, imported from Belgium.

(2) That there was no foreign or export value for such or similar merchandise at the time of exportation of the cotton mattress tickings in question.

(3) That the proper basis for appraisement of the instant merchandise is United States value.

(4) That the proper dutiable United States values for the merchandise in question are the appraised values.

I therefore hold as matter of law that the correct dutiable values of said cotton mattress tickings are the appraised values, as set forth in fact (4). Judgment will be rendered accordingly.